## People of the State of Illinois, Appellant, v. Don Hayden and Tommie Tolivar, Appellees.

### Gen. No. 50,034.

First District, Fourth Division.

April 21, 1965.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by the State from an order sustaining the motion of both defendants to suppress evidence [1] brought under Supreme Court Rule 27(4) (Ill Rev Stats, 1963, c 110, § 101.27(4)). The defendants were jointly charged with the unlawful possession of narcotics.

On October 12, 1963, Chicago police officers McCarthy and Poslusny were assigned to a Task Force Unit

---

[1] The cause was stricken with leave to reinstate.

specializing in the detection of automobile thefts. Officer Poslusny testified that:

At about 7:00 p. m., [we] stopped a 1955 Oldsmobile with no rear license plate light. The defendants were informed of the violation and asked for identification for the car. Hayden said he was driving on a ticket and that it was not his car. Tolivar said it was his car. They said that they had no proof of ownership. The automobile had no city vehicle sticker. The defendants were very nervous and were mumbling. [I] found a bag of crushed green leaf under the front seat.

Officer McCarthy testified that:

The automobile was searched to see who owned it. . . . For his own protection, he patted them down and searched the car for proof of ownership and to make sure no weapons were available. Before the search, the defendants were asked if there was any identification in the automobile and they said that they didn't know.

In the course of the search some marijuana was seized and formed the basis of the charge and was the subject of the motion to suppress.

Defendant Hayden testified that he was driving when the police pulled him over; that he "looked at the light" over the rear license plate and "it was not burning"; that there were 1963 license plates on the front and back of the car; that there was no city vehicle sticker on the car; that when Officer McCarthy asked him for his driver's license, defendant showed him a traffic ticket because his license had been posted as bond. He further testified that there was a "brown paper bag in the car (which) could not be seen by looking through the window"; that he knew the bag contained marijuana; that after the officer found the bag he asked who owned the car but that defendant

421

"had no identification and didn't remember whether Tolivar had any."

Defendant Tolivar testified that the car belonged to him; that there was no light over the rear license plate and no city vehicle sticker; that when asked for identification he showed the officer a ticket and a draft card; and that "no brown paper bag was in view."

In People v. Thomas, 31 Ill2d 212, 201 NE2d 413,[2] the Supreme Court sustained the validity of a search of the defendant and his automobile because a tail light was not operating and the defendant did not have a driver's license because he had just been released from jail. The court, at 213, said:

> When, however, the circumstances reasonably indicate that the police may be dealing not with the ordinary traffic violator but with a criminal, then a search of the driver and his vehicle is authorized in order to insure the safety of the police officers and to prevent an escape of the might-be criminal.

In view of the circumstances surrounding the arrest, i. e., no license plate light, no city vehicle sticker, and the inability of either defendant to produce evidence of the ownership of the automobile, we hold that the search of the defendants and the automobile was justified in order to attempt to ascertain proof of ownership and for the officers' protection.

The order of the Circuit Court is reversed and remanded with directions to overrule the motion to suppress and reinstate the cause.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.

---

[2] The Supreme Court decided Thomas after the trial court's finding in this case.