THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL R. BENNETT, Defendant-Appellant.

(No. 72-292; ▮▮▮▮▮▮▮▮▮▮

Second District—March 12, 1974.

Ralph Ruebner, Deputy Defender, of Elgin (Richard Wilson, Assistant Appellate Defender, of counsel), for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Charles D. Sheehy, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, in a bench trial, was found guilty of possession of marijuana and was placed on probation for a period of 3 years. He appeals. The sole ground urged for reversal in this appeal is whether the trial court erred in failing to suppress the marijuana found in the glove compartment of the automobile being driven by the defendant.

On the 8th of September, 1971, at 1:30 in the morning, Officer Clevenger of the Illinois State Police stopped the defendant's vehicle after he had followed the car for 2 miles. He had observed that the slow-moving vehicle was weaving and did not have a light on the rear license plate. The defendant got out of his car and the officer had him sit in the front seat of the police vehicle. A passenger remained in the defendant's vehicle. The officer ran a check on the license by radio and found that the license on defendant's 1962 Chevrolet had been issued to a 1964 Pontiac. When confronted with this, the defendant stated that he had sold the Pontiac, bought the Chevrolet, and had applied for transfer of the license plates. He initially told the officer that he had the transfer papers in his glove compartment, but then stated they were in his wallet.

At trial, the defendant testified that he said "* * * it's in my glove box. No, in my wallet, I mean." The trial court observed, "I think when he first made the statement it might be in the glove compartment, I think he thought better of it."

The officer testified that the defendant offered to get the items out of the glove compartment, but he decided to have the defendant remain in the police vehicle. The officer then went to defendant's car, shined a flashlight on the interior of the car (the inside light of the car not being in working order) and asked the passenger to look in the glove compartment which was located at the center part of the dash board. When the glove compartment door was opened the officer observed a plastic bag of marijuana. The officer then placed both men under arrest.

In defendant's brief it is argued that the acts of the officer amount to a warrantless search; not within one of "exceptional circumstances" where such a search is proper, viz., by consent; a limited search incident to arrest; or where the officer has probable cause in the context of exigent circumstances; or the item is in plain view. In support of this argument, defendant contends that he did not consent to the warrantless search of the glove compartment mentioned by him as the place where the title transfer papers might be.

As to the situation where the officer has probable cause for a warrantless search in the context of exigent circumstances the defendant cites *Chimel v. California* (1969), 395 U.S. 752, 23 L.Ed.2d 685, 89 S.Ct. 2034, but states that *Chimel* only applies to a search for weapons that might be used by the person arrested against the officer, or to effect his escape, or to prevent concealment or destruction of evidence that might be used against an arrestee, contending there was no probable cause for the search under the circumstances of the instant case. In *Chimel* the Supreme Court cited *Preston v. United States* (1964), 376 U.S. 364, 11 L.Ed.2d 777, 780, 84 S.Ct. 881:

> "The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest."

Under the facts herein we believe that *Chimel* and *Preston* are applicable and authority for the contemporaneous justified "search" wherein the marijuana was incidentally disclosed.

■■ Defendant further cites *Carroll v. United States* (1924), 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280; *Chambers v. Maroney* (1970), 399 U.S.

42, 26 L.Ed.2d 419, 90 S.Ct. 1975; and *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022, contending that there was no probable cause for the search under the circumstances in the instant case. Defendant explains that *Carroll, supra, Chambers, supra, Coolidge, supra,* stand for the proposition that officers may search an automobile stopped on the highway where there is probable cause under the exigent circumstances calling for immediate action. We agree. In the facts before us we find there was probable cause for the search. The officer, alone, at 1:30 in the morning, had stopped the defendant's vehicle. He determined that the license plates were not registered to this automobile. Defendant contends he made a "reasonable explanation" and that if the officer thought the vehicle were stolen, he should have arrested defendant and his companion, left the car on the side of the road, called the police tow truck and towed the defendant's auto to the police station, and then obtained a warrant for its search. We do not believe that any of these cases, including *Chimel, supra,* and *Preston, supra,* stand for such action on the part of the arresting officer under the circumstances as in the case before us.

Discussing warrantless searches of automobiles, defendant has cited *People v. Hayden* (1965), 58 Ill.App.2d 420, 208 N.E.2d 309, *People v. Moore* (1966), 76 Ill.App.2d 326, 222 N.E.2d 95, and *People v. Brown* (1967), 38 Ill.2d 353, 231 N.E.2d 577, and contends that the factual situation in the case before this court is so different that those cases are not applicable. Examination of the above three cases does not, in our opinion, substantiate defendant's position. It is perhaps best summed up in the *Brown* case:

> "Faced with the situation as it existed at the time of the arrest, we find that the search of the trunk by the police officers, in an attempt either to ascertain the ownership of the automobile or to determine whether a crime, had, in fact, been committed was not unreasonable." 38 Ill.2d at 358.

In *United States v. Jackson* (7th Cir. 1970), 429 F.2d 1368, written by retired Associate Justice Tom Clark of the United States Supreme Court, the court considered the search of defendant's vehicle which was stopped by three Chicago police officers on Marquette Road in Chicago because it did not have a state license on its front bumper although it had one on the rear. The officers there, as in the case before us, radioed for information and found that the license plate was not registered to defendant's vehicle. The police officers then searched the car for ownership papers and found marijuana and stolen merchandise in the car. Justice Clark, in commenting and differentiating *Chambers v. Maroney,* 399 U.S. 42, *supra,* stated at page 1371:

* * * "This is a far cry from this case where the officers while still on the scene of the arrest were informed by police radio that the single license plate on appellant's car was in fact registered to another car and owner. This notice itself required a search of the car to find the ownership papers at the least." * * *

(In a footnote to this issue, Justice Clark cites the above cases of *People v. Hayden*, 58 Ill.App.2d 420, 208 N.E.2d 309; *People v. Moore*, 76 Ill.App.2d 326, 331, 222 N.E.2d 95; *People v. Brown*, 38 Ill.2d 353, 357, 231 N.E.2d 577.)

Following the *Jackson* case, *supra*, the First District Appellate Court in *People v. Bellamy* (1972), 8 Ill.App.3d 606, 290 N.E.2d 645, considered the search of a stolen automobile by the police in Indiana. The defendant sought to suppress the evidence obtained when he was stopped by the Indiana police for weaving on the highway. The police had radioed in and found that the vehicle was stolen. The evidence in question was a gun found under the front seat of defendant's car which had been used to kill a police officer on the day before. The court also quoted from *Jackson, supra,* as follows:

> " 'In this case appellant does not attack his arrest; given probable cause for it the search of the car on the spot was permissible. Certainly after the police radio reported that the single license plate was spurious there was even more reason for the officers to search appellant's car * * *. The officers being experts in the practice of car thieves would naturally suspect such a situation. The search of the car was compelling under the circumstances and was fully justified not only to find any instruments of the indicated crime but also any evidence pertaining to a crime, such as title papers, ownership, use and possession of the car [Citations.]' " 8 Ill.App.3d at 610.

The *Bellamy* court then stated:

> "Here, as in *Jackson*, the search revealed evidence of an additional crime that the officers were not initially aware of, but this discovery does not weaken the reasonable grounds upon which the search was undertaken." 8 Ill.App.3d at 610.

■■ We therefore find that the search of defendant's car by the police officer in the case before us was proper. In view of our holding we need not discuss whether the facts herein come within the plain view doctrine of contraband material seen by the officer in making a valid traffic arrest. The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.